Sorna *v.* Village of Maple Heights et al.

*Negligence—Action against municipality and street improvement contractor—Pedestrian using known dangerous crosswalk not guilty of negligence preventing recovery—Duty to exercise caution commensurate with danger—Charge to jury—Error to infer contributory negligence by not using safer route—Jury in requesting court instruction, stated plaintiff unaware of danger—Error for court, in answer, to assume plaintiff aware of danger.*

1. Person, knowing of dangerous condition of street crossing, is not necessarily guilty of negligence, which would prevent recovery in crossing over dangerous crosswalk, but is only under duty to exercise added caution commensurate with danger.

2. In action for injuries caused by negligence of village and highway construction company in maintaining excavation at street crossing, plaintiff, not knowing of danger, had right to appear on crosswalk, and is *held* to ordinary care only.

3. In action against village for injuries caused by negligent maintenance of excavation at street crossing, evidence showing plaintiff attempted to cross over excavation instead of walking around excavation on road, which would have necessitated going through puddle of water to get onto road, which was much traveled, and involved danger, made case for jury whether plaintiff was guilty of negligence contributing to her injury in going as she did, and instruction inferring that plaintiff was guilty of contributory negligence in failing to go on road was error.

4. In action against village for injury from negligent maintenance of excavation at crossing, where jury made written request, stating it agreed that crossing was dangerous, and that plaintiff was not aware of danger, but questioning whether ignorance of danger excused plaintiff from negligence, answer by judge containing statement based partly on plaintiff's knowledge of danger was confusing and erroneous.

(Decided May 2, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. J. DeKaiswer,* for plaintiff in error.

*Messrs. Locher, Green & Woods,* for defendant in error Village of Maple Heights.

*Messrs. Howell, Roberts & Duncan,* for defendant in error Highway Construction Co.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below Anna Sorna, who is plaintiff in error here, brought an action against the village of Maple Heights and the Highway Construction Company jointly, to recover damages by reason of an injury, claimed to have occurred to her by reason of the negligence of the two defendants in the manner hereinafter described.

On trial of the action the jury brought in a general verdict for the defendants, and a motion for a new trial was made and overruled, and judgment rendered against her on this verdict.

Error is prosecuted to this court, and at least two grounds of error are urged: First. That the court erred in its charge; and, second, which really is part of the first, that the court erred in respect to his charge on contributory negligence. There

may be other errors, but these are the only ones that are urged in oral argument.

It seems that, prior to the accident and the injury claimed to have occurred in this case, the village of Maple Heights was improving a street known as Anthony street. The street is one of the side streets, and terminates at Libby road, which is a main and paved thoroughfare from Lee road.

The village, prior to this time, had let a contract to excavate and pave Anthony street up to Libby street, where the proposed pavement terminated, and had, for that purpose, made an excavation some 18 inches deep, which, and at the time in question, ended abruptly at Libby road, and there was an embankment on either side of the excavation some 18 inches higher than the lower plane of the excavation, but was even with the sidewalk on Libby road. This condition had existed for some time, and on this particular occasion plaintiff went into a store on Libby road, and, in order to get to her home, had to cross over this excavation or go around it. The evidence shows that she had gone there several times, and had gone safely. The record shows that, by going through a puddle of water, she could have gone on Libby road, on a pavement which was a much traveled road, and back again on the sidewalk, and thus have escaped crossing over this excavation, but prior to this time she had gone over this very excavation safely.

The case was tried and submitted to a jury, and the jury, after deliberating some time, came into the court for further instructions. They asked the following question:

"Your honor: The jury is agreed that the crossing on Anthony street was dangerous. It is also

agreed that the plaintiff was not aware of the danger.

"Does the fact of her ignorance of danger excuse her from negligence?

                    "R. W. Burdett, Foreman."

This request was in writing, signed by the foreman, as will be seen, and was presented to the court, whereupon the court notified the attorneys on both sides, and, when they arrived at the courtroom, went on apparently to answer this question, and it was upon the manner in which he sought to answer this question that error is predicated, and it is upon this, together with the charge of contributory negligence, that a reversal of this case is asked.

It is rather difficult to understand the attitude of the court with respect to this inquiry from the jury. The inquiry plainly states that the crossing was dangerous, that the jury had found it so, and it just as plainly states that this plaintiff was ignorant of the danger. The question could have been answered categorically, but it would hardly have been sufficient to answer the question by "Yes" or "No," and so some explanation might have been necessary, but just why the court should say just exactly what the jury did not say is a little difficult to understand. Then he adds to that the admonition that, if they find that the "plaintiff did know of the danger," whereas the question as put said the jury had already found that "the plaintiff was not aware of the danger" that would accrue to her should she attempt to cross.

We do not understand the law to be that, if a person knows of a dangerous condition of a street crossing, it must necessarily mean that he is guilty

of negligence which would prevent recovery if he should cross over such dangerous crosswalk. In truth, the direct opposite has been held by a great majority of the courts. The only duty that such knowledge entails upon the plaintiff in this case is added caution, that is, the degree of care she is called upon to exercise must be commensurate with the danger, and, if she did not know of the danger, there might be a less degree of care required, and in this instance the jury said she did not know of the danger. Then, of course, if that was true, she had a perfect right to appear upon this crosswalk and do as she did do, and she would be held to ordinary care only.

The manner in which the court stated this proposition, I confess, confuses me, and much more, then, it might confuse the jury. It is plainly evident from the manner in which the court handled this request that he conceived the notion that this plaintiff was guilty of contributory negligence and did not exercise the care that she should have exercised in crossing this particular place at this particular time.

The court also seems to infer that it was the duty of the plaintiff to have gone out onto the pavement, and that, not having done so, she was guilty of contributory negligence. We do not understand that that is the rule. In this particular instance the sidewalk along Libby road was level and even, and there seems to have been a dirt strip five or six feet between the sidewalk and the paved roadway on Libby road, and this strip of dirt was filled with mud and water, and it would have been necessary for the plaintiff to have gone through that in order to get onto the highway, which, it is true,

was paved and dry, but was a much-traveled highway, and plaintiff would have been in more danger if she had gone that way than in taking the crossing that she did take.

In any event, under all the circumstances, it would be a case for the jury whether she was guilty of negligence and whether that negligence contributed to her injury in going the way she did.

We cannot help but feel that the court, in attempting to answer this question, confused the issue, and did not give the jury the information that they were seeking. Instead of answering the question which they propounded to him, the court seems to have injected another question which was directly the reverse of that they asked. It would seem from his instruction that he assumed that they had made a mistake.

We do not think under the circumstances that the issue was fairly submitted to the jury, and for that reason the verdict, and the judgment founded thereon, will be reversed, and the case remanded to the common pleas court for a new trial.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., and LEVINE, J., concur.