HIGHWAY CONSTRUCTION CO. *v.* SORNA.

(Decided June 24, 1929.)

*Messrs. Howell, Roberts & Duncan,* for plaintiff in error.

*Mr. J. De Kaiser* and *Mr. M. C. Harrison,* for defendant in error.

KUNKLE, J. Defendant in error sought to recover a judgment against plaintiff in error in the sum of $25,000 for personal injuries claimed to have been received through the negligence of plaintiff in error in the respects stated in detail in the amended petition. The case was submitted to a jury, with the result that a verdict was returned in favor of plaintiff in error. Judgment having been rendered upon such verdict, error was prosecuted to the Court of Appeals, *Sorna* v. *Village of Maple Heights,* 26 Ohio App., 408, 159 N. E., 578, 579, where the judgment of the lower court was reversed because of the error

of the trial court in certain statements made to the jury.

The case was retried in the court of common pleas, with the result that a verdict was returned in favor of defendant in error in the sum of $6,750. Motion for a new trial having been overruled, judgment was entered upon the verdict, and error is now prosecuted to this court to reverse the judgment in favor of defendant in error.

In brief, defendant in error claims that on October 19, 1924, she was walking westwardly on the north side of Libby road; that she stopped at a grocery store at the intersection of Libby road and Anthony street to make some purchases and proceeded to walk westwardly to the next street beyond Anthony street, where she lived; that about two weeks prior to this time Anthony street had been cut down preparatory to improving the same, so that in crossing Anthony street at this intersection there was a perpendicular step down from eighteen inches to two feet in height; that the former level surface of the crosswalk had also been lowered so that defendant in error was required to step down from the old level of the crosswalk from eighteen inches to two feet to the new level; that this step down was practically perpendicular and that the top of the bank was of solid dirt; that the edge of the step upon which defendant in error had to walk in order to get to the lower level was left unprotected without any boards or planks to prevent it from crumbling; and that no steps had been cut in the bank so as to permit pedestrians to go down in two or more steps.

Defendant in error admits that she had been over this crosswalk three or four times before the day

upon which she was hurt, and claims that the other people living in her vicinity traveled that street in the same manner that she did; that the only alternative she had from stepping down where this excavation was made was to go through some mud and water out to the paved portion of Libby road, and after reaching Libby road to then assume the perils of motor traffic on such road and to walk along Libby road for a distance, and then return through the mud and water. Defendant in error claims that on the day of the accident when she attempted to cross as she had done on three or four other occasions, and when she placed her foot on the bank, it crumbled beneath her and threw her down, and that by reason thereof she sustained the injuries described in detail in the petition.

The case was submitted to a jury upon the evidence offered by defendant in error. Plaintiff in error offered no testimony.

From the judgment so rendered in the lower court, plaintiff in error seeks a reversal and relies upon three claims of error, namely:

1. Refusal of the trial court to direct a verdict for the defendant, because the contributory negligence of plaintiff appeared as a matter of law on the undisputed facts.

2. Overruling the defendant's motion for judgment upon the special finding of facts.

3. Error of the court in giving the plaintiff's request No. 3 to charge before argument.

Nos. 1 and 2 may be considered together.

In brief, the contention of counsel for plaintiff in error is that a pedestrian cannot pass over a defective condition in a street in daylight, when the

condition is plainly visible, of which condition the plaintiff previously had full knowledge, and when injured while attempting to pass over such defective condition recover damages. The plaintiff in error claims that a recovery may not be had under such circumstances. The facts in this case are undisputed, and the case therefore becomes, in so far as liability is concerned, a question of law.

The trial court took the view that defendant in error was entitled to have her case submitted to the jury because of her testimony to the effect that when she walked out there she did not have any idea or knowledge that the embankment was going to cave in; that she did not think it would fall; that it had not occurred to her that the situation was dangerous, as she had safely passed over the same place on three or four different occasions.

Counsel have submitted to the court very comprehensive briefs discussing this legal question, and have cited numerous authorities in support of their respective claims.

We might with propriety hold that the law in this case, in so far as this court is concerned, was fixed by the decision of the local Court of Appeals. The law of the case was announced by the Court of Appeals of this district, the Eighth, in reviewing the case upon the error proceedings prosecuted to such court upon the judgment rendered on the first verdict returned by the jury.

We are of opinion that the decision of our Supreme Court in the case of *Schaefler* v. *Sandusky*, 33 Ohio St., 246, 31 Am. Rep., 533, is controlling. Judge Day, in announcing the decision of the court in that case, at page 249 of 33 Ohio State, says: ''The case,

as found by the special verdict, is not one where there is an obstruction not known to be perilous. In that class of cases negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise. But where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk.''

Judge Vickery, of the Court of Appeals of Cuyahoga county, in the former hearing of this case, stated: ''We do not understand the law to be that, if a person knows of a dangerous condition of a street crossing, it must necessarily mean that he is guilty of negligence which would prevent recovery if he should cross over such dangerous crosswalk. In truth, the direct opposite has been held by a great majority of the courts. The only duty that such knowledge entails upon the plaintiff in this case is added caution, that is, the degree of care she is called upon to exercise must be commensurate with the danger, and, if she did not know of the danger, there might be a less degree of care required, and in this instance the jury said she did not know of the danger. Then, of course, if that was true, she had a perfect right to appear upon this crosswalk and do as she did do, and she would be held to ordinary care only.''

Our views are in harmony with the decision of Judge Vickery upon the former hearing of this case. It will be observed that this is not a case involving the presence of snow, ice, or some other substance generally known to be in and of itself dangerous.

We think the trial court was correct in its inter-

pretation of the law in reference to the liability of plaintiff in error.

The third objection urged by counsel for plaintiff in error relates to special instruction No. 3 given by the trial court before argument at the request of counsel for defendant in error. This instruction is as follows: "In this case, the defendant has raised the issue of the contributory negligence on the part of the plaintiff. I charge you, that in the absence of evidence to the contrary, there is a presumption of law that the plaintiff at the time and place of the accident described in the petition, was in the exercise of ordinary care. Unless, therefore, the plaintiff in the evidence offered by her, has raised the inference or suggestion of negligence upon her own part, it would be your duty to disregard this issue of contributory negligence in the determination of the issues of the case."

Technically, this special request may not be as complete as it should have been. Under the facts disclosed by the record, we cannot see how the plaintiff in error was prejudiced by the giving of this special instruction. If the issue of contributory negligence was in the case, it was necessarily there solely through the testimony offered by the defendant in error, as the plaintiff in error offered no evidence. The trial court in its general charge also fully covered this question.

It is claimed that various special instructions given by the trial court at the request of counsel for plaintiff in error are inconsistent with the general charge as given by the court. Assuming this to be correct, we cannot see how the plaintiff in error was prejudiced, if it succeeded in having the trial court

give special instructions in its favor, to which it was not entitled.

We have considered all of the errors urged by counsel for plaintiff in error; but, finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and HORNBECK, JJ., concur.

Judges of the Second Appellate District sitting in place of Judges VICKERY, LEVINE and SULLIVAN, of the Eighth Appellate District.